

# THE ATTORNEY GENERAL

## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN. TEXAS 78711

June 6, 1967

Mr. Jim N. Thompson
County Attorney
Lamar County
Paris, Texas

Dear Mr. Thompson:

Opinion No. M-85

Re: Whether the Lamar County
Hospital District, which
encompasses the entire county,
has the authority to make
payments to privately owned
hospitals located within the
county for the handling of
charity patients.

In a recent letter to this office you requested an opinion in regard to the above referenced matter. We quote from your letter as follows:

"...

"The Board of Directors of the Lamar County Hospital District has been contacted by the Administrators of the other two hospitals and requested that they make payments to the other two hospitals in the future for charity cases handled by them. The Board of Managers of the Lamar County Hospital District has called upon the County Auditor to determine whether or not such payments could be made from the Lamar County Hospital District Fund when a charity patient was handled by a hospital in Lamar County, Texas other than the Lamar General Hospital which is operated by said Hospital District. Is there any legal authority for the payments requested by the hospitals other than the hospital operated by the Lamar County Hospital District?

"..."

- 385 -

Pursuant to the authority granted by Article IX, Section 6 of the Texas Constitution, the Texas Legislature enacted House Bill 532, Acts 56th Legislature, Regular Session, 1959, chapter 422, page 917, permitting Lamar County through a county-wide election to constitute itself a hospital district for the care of the county's indigent and needy persons. Certain provisions of this Act were amended by Acts 57th Legislature, Regular Session, 1961, chapter 10, page 19. Those portions of this Act, as amended, which are applicable to the questions presented here read as follows:

"'Section 1. (a) Lamar County may constitute itself a hospital district to take over the hospital system now operated by said County and thereafter administer the same by furnishing medical aid and hospital care to the indigent and needy persons residing in such county; . . .'

" . . .

"Sec. 5. Said County, except as herein authorized, and any city therein, shall not, after the organization of such district, levy any tax for hospital purposes and such district shall be deemed to have assumed full responsibility for the furnishing of medical and hospital care for the needy and indigent persons residing in said district." (Emphasis added.)

Section 5 of the Act, which is quoted above, provides that the Lamar County Hospital District "shall be deemed to have assumed full responsibility for the furnishing of medical and hospital care for the needy and indigent persons residing in said district."

In Attorney General's Opinion No. C-334 (1964) this office held that substantially identical wording in the Act authorizing the creation of the Ochiltree County District meant that ". . .the Hospital District assumes the same authority regarding the furnishing of medical and hospital care for the needy and indigent persons residing in the Hospital District as theretofore possessed by the Commissioners Court of Ochiltree County." The same would be true as regards the Lamar County Hospital District.

This office discussed the extent of county commissioners courts' authority in this area in Attorney General's Opinion No. C-246 (1964):

"Somewhat similar to the preceding question, your sixth question also concerns the contractual power and authority of the Commissioners Court of Tarrant County. As stated in answering your first question, where a duty is imposed or a power conferred upon a commissioners court, then the commissioners court has implied authority to exercise broad discretion to accomplish the purposes intended. When the commissioners courts were expressly given the power and duty 'to provide for the support of paupers,' by necessary implication they were clothed with the authority to do all the incidental things necessary to provide for their support. Thus, while the commissioners court is not under a duty to place indigents in a private facility and pay for their care, Willacy County v. Valley Baptist Hospital, 29 S.W.2d 456 (Tex.Civ. App. 1930), it can, in the exercise of its discretion, provide for the care of indigents whom it places in a private facility. Here, of course, the contractual terms must not be such as to amount to a donation by the County to the individual or corporation providing the care, nor can the contract provide for payments by the County out of future revenues."

In discussing the power of a commissioners court to provide for medical care in privately owned institutions this office held in Attorney General's Opinion No. 0-2633-A (1941) as follows:

"It is our opinion that the statutes contemplate that all paupers and indigents who are suffering from any illness, disease or injury and in need of hospitalization should, insofar as practicable, be sent to the county hospitals. . . . The commissioners' court is authorized to appropriate money for the maintenance of the County Hospital as pointed out in Opinion No. 0-2422. Article 4438, supra, authorizes the commissioners' court to send 'indigent sick' who may or may not be 'paupers' to the county hospital.

"We think that if a pauper is ill or injured and the commissioners' court thinks it not feasible to treat him at the county hospital, as for example if the pauper were seriously injured at his home and it would not be safe to carry him to the

.County Hospital the commissioners' court would clearly have the authority to provide medical aid for him at his home and would have clear authority to furnish him with necessary medicines. <u>There are perhaps many instances in which the commissioners' courts would have authority to aid paupers by furnishing medical aid and medicines to them at places other than the county hospital and we cannot here attempt to enumerate such instances.</u>" (Emphasis added.)

From the foregoing it may be seen that, while it is under no duty to do so, the Lamar County Hospital District may in the exercise of sound discretion pay private institutions for medical care rendered to needy and indigent persons who are resi dents of Lamar County if it is not practicable to treat such per sons in the hospital district's own facilities. The district would not of course be able to pay for services rendered in private institutions which it would not have the authority to provide in its own facilities.

### S U M M A R Y

The Lamar County Hospital District may in the exercise of sound discretion pay private institutions located within the district for medical care rendered to needy and indigent persons who are residents of Lamar County if it is not practicable to treat such persons in the hospital district's own facilities.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Lewis E. Berry, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman

Mr. Jim N. Thompson, page 5 (M-85)

Kerns Taylor
John Reeves
Ralph Rash
Roger Tyler

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.